

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Calvin C. Miner*
*Assistant United States Attorney*
*Calvin.Miner@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4860*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

August 27, 2024

Hon. Ellen H. Hollander
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

  Re: *United States v. Gregory Foard Jr.*, Criminal No. ELH-23-0341

Dear Judge Hollander:

   I write in advance of the sentencing hearing, currently scheduled for September 4, 2024.  As more fully explained below, the Government recommends a sentence of 18 months' imprisonment, which is below Mr. Foard's sentencing guidelines range of 24 to 30 months' imprisonment.

## PROCEDURAL HISTORY

   A federal grand jury returned a superseding indictment against Mr. Foard and six others for charges of conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, firearm offenses, and money laundering on November 14, 2023.  On June 5, 2024, Mr. Foard entered a guilty plea to conspiracy to distribute and possess with intent to distribute controlled substances.  Sentencing is scheduled for September 4, 2024.

## FACTUAL BACKGROUND

   The Government incorporates the facts in the Presentence Investigation Report ("PSR") and the statement of facts filed in support of the defendant's plea agreement.

   In March 2022, the FBI and DEA identified a drug trafficking organization ("DTO") that flooded the Baltimore region with thousands of diverted oxycodone pills.  Terry Allen was the leader of the DTO.  DTO members deployed a vast network of pseudo-patients to acquire diverted oxycodone pills.  Pseudo patients are individuals who are recruited by drug traffickers to enter "pill mill" clinics with fictitious complaints of pain to receive prescriptions for Schedule II controlled substances.  In this drug investigation, pseudo patients gave their oxycodone prescriptions to DTO members and were paid in cash or through oxycodone for their services.

   A year into the investigation, February 2023, investigators received court-authorization to intercept phone calls and text messages over numerous DTO members' cellular phones, including

Gregory Foard Jr. Intercepted communications revealed that Foard Jr. completed numerous oxycodone transactions on behalf of Allen during the conspiracy. Throughout the conspiracy, Foard Jr. would obtain oxycodone from various co-conspirators on behalf of Allen for redistribution. Physical surveillance and covert cameras corroborated Foard Jr.'s involvement in those transactions.

## GUIDELINES COMPUTATIONS

The Government agrees with the Guidelines calculation in the Presentence Investigation Report ("PSR"). Mr. Foard's Guidelines are 24 to 30 months based on a final offense level of 17 and Criminal History Category I. *See* PSR ¶¶ 26, 29, 47. The Government believes there are no applicable departures.

## FACTORS SET FORTH IN 18 U.S.C. § 3553(a)

The Government submits that a sentence of 18 months' imprisonment is the appropriate disposition of this case considering the factors set forth in 18 U.S.C § 3553(a).

### a. **Nature and Circumstances of the Offense**.

The nature and circumstances of this offense is serious. The leader of this DTO, Terry Allen, who is also Mr. Foard's aunt, along with others distributed thousands of oxycodone pills during this drug conspiracy. The drug conspiracy operated as a "hub-and-spoke." The hub was Allen, who acquired oxycodone pills from co-conspirators ("spokes") to distribute to her customers. Mr. Foard functioned as Allen's courier. For months, he picked up drugs on behalf of Allen from numerous co-conspirators that were later redistributed. He also managed Allen's operations when she was out of town. His involvement contributed to the distribution of thousands of oxycodone pills in the community.

Without minimizing the seriousness of this drug conspiracy, and Mr. Foard's role, it is fair to consider that his conduct in this case did not involve any acts of violence. During the investigation, it did not appear that he accrued significant financial compensation for his role. Most individuals involved in large drug trafficking conspiracies are motivated by greed. In contrast, Mr. Foard's motivation in the drug conspiracy appeared to be fueled by addiction. Therefore, the Government believes 18 months' imprisonment is sufficient but not greater than necessary to achieve the purposes of §3553(a).

### b. **History and Characteristics of the Defendant**.

There are multiple factors that support a sentence below the guidelines based on Mr. Foard's history and characteristics. He does not have a criminal record. However, his first criminal conviction is as a member in a large drug trafficking conspiracy, seven defendants indicted federally and at least ten defendants were charged in the state system.

U.S. v. Gregory Foard Jr., 23-0341-ELH
September 4, 2024
Page 3

Mr. Foard's history also involves a challenging upbringing and childhood exposure to drug use. *See* PSR ¶ 33.   As detailed in Mr. Foard's sentencing letter, those experiences shaped his life and may have contributed to his own substance use issues.

Despite those negative experiences in his formative years and his substance use issues, he has maintained steady employment with the same employer for six years. *See* PSR ¶ 43.  Notably, Mr. Foard's employer represented that it will re-employ him if the Court sentences him to a period of incarceration. *Id*.  Based on his lack of criminal record, upbringing, and employment history, a sentence below the sentencing guidelines is appropriate in this case.

**c.   The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public from Further Crimes of the Defendant**.

The Government's recommendation considers the seriousness of the offense, imposes punishment, and provides a means of deterrence given that Mr. Foard has no criminal record.  The proposed sentence will provide general deterrence to other drug traffickers distributing large quantities of oxycodone in the community.  The sentence also provides just punishment for the offense considering Mr. Foard's placement in the conspiracy as the lowest member of the seven defendants indicted.

\*      \*      \*

The Government believes this sentence appropriately reflects the seriousness of the offense, appropriately accounts for Mr. Ford's role in the offense, and affords adequate deterrence.  For these reasons, a sentence of 18 months' imprisonment would meet the aims of sentencing set forth in Title 18, United States Code, Section 3553(a).

Thank you for your attention to this matter.

U.S. v. Gregory Foard Jr., 23-0341-ELH
September 4, 2024
Page 4

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/ *Calvin C. Miner*
Calvin C. Miner
Assistant United States Attorney

cc:    Steve Wrobel, Esq. (via CM/ECF)
       Melissa McGuinness, U.S. Probation Officer (via e-mail)