

*U.S. Department of Justice*

*United States Attorney*
*District of Maryland*

*Calvin C. Miner*
*Assistant United States Attorney*
*Calvin.Miner@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4860*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

February 4, 2025

The Honorable Ellen H. Hollander
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

Re:   *United States v. Maurice Matthews*, Criminal No. ELH-23-0341

Dear Judge Hollander:

I write in advance of the sentencing hearing, currently scheduled for February 18, 2025. As more fully explained below, the Government recommends a sentence of 72 months' imprisonment, which is below Mr. Matthews's sentencing guidelines range of 97 to 121 months.

## PROCEDURAL HISTORY

On September 26, 2023, a federal grand jury returned an indictment charging Mr. Matthews, with possession with intent to distribute controlled substances, and two firearm offenses. ECF no. 1. Two months later, on November 14, 2023, a federal grand jury returned a superseding indictment against Mr. Matthews and six others for charges of conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, firearm offenses, and money laundering offenses. ECF no. 15. On November 21, 2024, Mr. Matthews entered a guilty plea to conspiracy to distribute controlled substances and possession of a firearm by a prohibited person, which are counts one and ten of the superseding indictment. ECF no. 196.

## FACTUAL BACKGROUND

The Government incorporates the facts in the Presentence Investigation Report ("PSR") and the statement of facts filed in support of the defendant's plea agreement.

In March 2022, the FBI and DEA identified a drug trafficking organization ("DTO") that flooded the Baltimore region with thousands of diverted oxycodone pills. Terry Allen was the leader of the DTO. DTO members deployed a vast network of pseudo-patients to acquire diverted oxycodone pills. Pseudo patients are individuals who are recruited by drug traffickers to enter "pill mill" clinics with fictitious complaints of pain to receive prescriptions for Schedule II controlled substances. In this drug investigation, pseudo patients gave their oxycodone prescriptions to DTO members and were paid in cash or through oxycodone for their services.

A year into the investigation, February 2023, investigators received court-authorization to intercept phone calls and text messages over numerous DTO members' cellular phones. Intercepted calls revealed that Maurice Matthews was one of Allen's top suppliers. Intercepted calls also revealed Mr. Matthews worked with his girlfriend and co-defendant, Christina Cruz, in distributing oxycodone.

During the investigation, on a nearly daily basis, Mr. Matthews and Allen were intercepted discussing oxycodone transactions. After the two agreed on a price, Allen or her nephew, Gregory Foard Jr., would drive to Mr. Matthews's residence to complete the drug deals.

Mr. Matthews obtained his supply of oxycodone from multiple pseudo-patients in New York. For example, on May 11, 2023, there was an intercepted call between Mr. Matthews and a pseudo patient in New York. During the call, Mr. Matthews coordinated the pickup of the pseudo patient's oxycodone prescription. The GPS tracking device on Mr. Matthews's car corroborated that he was in New York.

In addition to being one of Allen's top suppliers, Mr. Matthews had additional customers. On April 7, 2023, there was an intercepted call between Mr. Matthews, who was in New York obtaining a resupply of oxycodone, and Cruz. Cruz urged Mr. Matthews to return to Baltimore with the resupply because the "phones are going crazy." During that time, there was an increase of calls over Cruz's phone from customers requesting drugs.

At the conclusion of the investigation, on May 31, 2023, investigators searched Mr. Matthews's residence, 8409 Arbor Station Way, Apartment A. Mr. Matthews was present during the search. Investigators found a .380 Ruger LCP handgun and approximately 10 rounds of .38 caliber ammunition in the bedroom closet, 72 oxycodone pills in the nightstand, and multiple boxes of ammunition throughout the apartment, including three boxes of .40 caliber ammunition and one box of 9mm ammunition.

## GUIDELINES COMPUTATIONS

The Government agrees with the Guidelines calculation in the Presentence Investigation Report ("PSR"). Mr. Matthews's Guidelines are 97 to 121 months based on a final offense level of 29, and Criminal History Category II. *See* PSR ¶¶ 47, 61, 107. The Government believes there are no applicable departures.

## FACTORS SET FORTH IN 18 U.S.C. § 3553(a)

Mr. Matthews was an integral member of a sprawling drug trafficking conspiracy that distributed large amounts of oxycodone throughout the district of Maryland. He is before this Court with his eight criminal conviction. Considering the factors set forth in 18 U.S.C § 3553(a), the Government submits that a sentence of 72 months' imprisonment is the appropriate disposition of this case.

### a. Nature and Circumstances of the Offense.

The nature and circumstances of this offense is serious. Mr. Matthews participated in a drug trafficking conspiracy that dispersed thousands of oxycodone pills for months. He frequently travelled to New York to acquire his oxycodone to redistribute in Maryland. The Court is aware of the direct consequences and collateral effects that oxycodone has had on various communities, including deteriorating effects on people and neighborhoods. As it pertains to Matthews's role, he distributed large quantities of oxycodone in Baltimore, a community battling an opioid crisis. *See* https://www.wbaltv.com/article/opioid-epidemic-database-baltimore-deaths/44869671 (visited February 3, 2025).

Separately, Mr. Matthews illegally possessed a firearm in the apartment where he and his co-conspirator sold their drugs. The presence of firearms in connection with drug trafficking escalates the level of danger associated with drug trafficking. Even though Mr. Matthews was heavily involved in a serious offense, the government recognizes that Mr. Matthews he did not engage in violence or threatened to use violence in this case.

### b. History and Characteristics of the Defendant.

Mr. Matthews has a long criminal history. Mr. Matthews has three drug convictions and two firearm convictions on his record. PSR ¶¶ 52, 54, 55, 57, 59. Many of those convictions led to suspended sentences. It appears his longest period of continuous incarceration was for one year. *Id*. at ¶ 55 (one year sentence for drug possession). His most recent convictions – assault and firearm possession in 2020 – resulted in a suspended sentence. *Id*. at ¶ 59. His criminal history reflects a pattern of similar conduct that has led to numerous convictions that spans over two decades.

Without minimizing Mr. Matthews's extensive criminal history, the government believes a below guidelines sentence is appropriate because those convictions did not lead to a period of incarceration close to the guidelines range. The recommended sentence would subject Mr. Matthews to a continuous period of incarceration substantially longer than any sentence he previously experienced. From the government's perspective, a sentence within the guidelines range, 97 to 121 months, would be greater than necessary to achieve the aims of § 3553(a).

Also relevant to Mr. Matthews's history and characteristics is that he had a challenging upbringing that involved childhood exposure to violence and drug use. PSR ¶¶ 76, 77. The PSR explained how Mr. Matthews was exposed to "excessive amounts of drugs and violence" and was a victim of gun violence at a young age. *Id*. at 77. The government recognizes those type of negative experiences during an individual's childhood increases the risk of various social issues that could negatively impact someone well into adulthood. Those experiences should be considered along with all other aspects of Mr. Matthews's history and characteristics. The PSR also noted that he suffers from multiple medical issues and has struggled with substance use. *Id*. at ¶¶ 81, 90. When balancing Mr. Matthews's criminal history against his challenging upbringing,

medical issues, and substance use, a variant sentence of 72 months' imprisonment is sufficient, but not greater than necessary, to comply with the purposes §3553(a).

   c. **The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public from Further Crimes of the Defendant**.

Drug distribution is a serious and dangerous crime. A sentence of 72 months in this case would reflect the seriousness of Mr. Matthews's offense. The recommendation also reflects his culpability relative to his co-defendants. To date, two defendants have been sentenced: Gregory Foard Jr., sentenced to 12 months home detention; and Levan Jones, sentenced to 66 months incarceration. Both Mr. Foard and Mr. Jones were lower ranking members in this conspiracy. While Mr. Matthews was a mid-level member. Therefore, the proposed sentence is proportionate to his culpability.

A sentence of 72 months would also deter others from engaging in conduct and committing acts like Mr. Matthews. Deterrence at the mid-level of the drug trafficking hierarchy is essential in crippling the street-level flow of drugs.

Additionally, a sentence of 72 months would promote respect for the law. Despite having prior drug and firearm convictions, Mr. Matthews continued to traffic drugs and illegally possessing firearms. A sentence of 72 months would deter him from future criminal conduct. The recommended sentence would also protect the public from further crimes by Mr. Matthews.

* * *

The Government believes 72 months' imprisonment is an appropriate sentence that is sufficient but not greater than necessary to achieve the required purposes of sentencing. The Government believes this sentence appropriately reflects the seriousness of the offense, accounts for Mr. Matthews's history and characteristics, and affords adequate deterrence. For these reasons, a sentence of 72 months' imprisonment would meet the aims of sentencing set forth in Title 18, United States Code, Section 3553(a).

Thank you for your attention to this matter.

Respectfully submitted,

Erek L. Barron
United States Attorney

    /s/ *Calvin C. Miner*
Calvin C. Miner
Assistant United States Attorney

cc:    David Walsh-Little, Esq. (via CM/ECF)
        Helen Dominco, U.S. Probation Officer (via e-mail)